78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Craig Steven BLUMHAGEN, individually and on behalf of all
inmates at Wyoming State Penitentiary and work
release sites, Plaintiff-Appellant,
and
Michael S. Langlois; William Norris; Rudy Hernandez;
Michael Strauch; Gary R. Messer; William Goodwine, also
known as Billy Goodwine; George McGlasson; David J. Gould,
also known as Dave Gould; Thomas C. Barnett; Chris
Kantrud; Alan Gudmunson; Michael Alan Brown; Charles Van
Duser; Keith Curtis; Gary Chorniak; Sean Frechea; Dane
Schaible; Thomas R. Dilimone; Kenneth L. Maynard, and
David Doyle Miller, individually and on behalf of all
inmates at Wyoming State Penitentiary and work release
sites; Martin Lofland; Joe Fitzgerald; Robert Lee
Wagoner; Perry Espinoza; Robert J. Taylor; Jack Standley;
Kevin P. Seavolt; Edward F. Ortega; Manuel Miramontes;
Tom Hillman; Lauro Valdez; Steven B. Jones; Jorge Nava;
Tony Williams; Cleo Cooper; and Ronald Davis, Plaintiffs,
v.
Jane SABES, individually and in her official capacity as
Director of Wyoming Department of Health; Corrections;
Duane Shillinger, individually and in his official capacity
as Warden of Wyoming State Penitentiary; Bill Hettgar,
individually and in his official capacity as Medical
Administrator of Wyoming State Penitentiary; Archie Kirsch,
individually and in his official capacity as Medical Doctor,
Wyoming State Penitentiary; Donna Estep, individually and
in her officiall capacity as Registered Nurse, Wyoming State
Penitentiary, Defendants-Appellees.
Craig Steven Blumhagen; Michael S. Langlois; William
Norris; Rudy Hernandez; Michael Strauch; Gary R. MEsser;
William Goodwine, also known as Billy Goodwine; George
McGlasson; David J. Gould, also known as Dave Gould;
Thomas C. Barnett; Chris Kantrud; Alan Gudmunson; Michael
Alan Brown; Charles Van Duser; Keith Curtis; Gary
Chorniak; Sean Frechea; Dane Schaible; Thomas R.
Dilimone; Kenneth L. Maynard; David Doyle Miller,
individually and on behalf of all inmates at Wyoming State
Penitentiary and work release sites; Martin Lofland; Joe
Fitzgerald; Robert Lee Wagoner; Perry Espinoza; Robert J.
Taylor; Jack Standley; Kevin P. Seavolt; Edward F.
Ortega; Manuel Miramontes; Lauro Valdez; Steven B. Jones;
Jorge Nava; Tony Williams; Cleo Cooper; Ronald Davis, Plaintiffs,
and
Tom Hillman, Plaintiff-Appellant,
v.
Jane SABES, individually and in her official capacity as
Director of Wyoming Department of Health; Judy Uphoff,
individually and in her official capacity as Director of
Wyoming Department of Corrections; Duane Shillinger,
individually and in his official capacity as Warden of
Wyoming State Penitentiary; Bill Hettgar, individually and
in his official capacity as Medical Administrator of Wyoming
State Penitentiary; Archie Kirsch, individually and in his
official capacity as Medical Doctor, Wyoming State
Penitentiary; Donna Estep, individually and in her official
capacity as Registered Nurse, Wyoming State Penitentiary,
Defendants-Appellees.
Craig Steven BLUMHAGEN; Rudy Hernandez; Michael Strauch;
William Goodwine, also known as Billy Goodwine; David J.
Gould, also known as Dave Gould; Thomas C. Barnett; Chris
Kantrud; Alan Gudmunson; Michael Alan Brown; Charles Van
Duser; Gary Chorniak; Sean Frechea; Thomas R. Dilimone;
David Doyle Miller; Martin Lofland; Joe Fitzgerald;
Robert Lee Wagoner; Robert J. Taylor; Jack Standley;
Manuel Miramontes; Tom Hillman; Steven B. Jones; Jorge
Nava; Tony Williams; Cleo Cooper; Ronald Davis,
individually and on behalf of all inmates at Wyoming State
Penitentiary and work release sites, Plaintiffs,
and
Michael S. Langlois; William Norris; Gary R. Messer;
George Mcglasson; Keith Curtis; Dane Schaible; Kenneth L.
Maynard; Perry Espinoza; Kevin P. Seavolt; Edward F.
Ortega; Lauro Valdez, individually and on behalf of all
inmates at Wyoming State Penitentiary and work release
sites, Plaintiffs-Appellants,
v.
Jane SABES, individually and in her official capacity as
Director of Wyoming Department of Health; Judy Uphoff,
individually and in her official capacity as Director of
Wyoming Department of Corrections; Duane Shillinger,
individually and in his official capacity as Warden of
Wyoming State Penitentiary; Bill Hettgar, individually and
in his official capacity as Medical Administrator of Wyoming
State Penitentiary; Archie Kirsch, individually and in his
official capacity as Medical Doctor, Wyoming State
Penitentiary; Donna Estep, individually and in her official
capacity as Registered Nurse, Wyoming State Penitentiary,
Defendants-Appellees.
 Nos. 94-8022, 94-8045, 94-8083.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1996.
 
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 In these appeals, appellants challenge the district court's entry of summary judgment for defendants on claims brought under 42 U.S.C.1983. We have jurisdiction over these appeals by virtue of 28 U.S.C. 1291. We review the district court's grant of summary judgment de novo, applying the same standards as the district court under Fed.R.Civ.P. 56(c). Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir.1995). Further, we construe appellants' pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 3
 Plaintiffs' complaints before the district court alleged constitutional violations resulting from defendants' conduct prior to and following the discovery of an active case of tuberculosis in the Wyoming State Penitentiary. The district court converted defendants' motion to dismiss into a motion for summary judgment, and ordered the parties to submit briefs and affidavits. The district court subsequently granted summary judgment to defendants, concluding, after reviewing the complaints and all other materials submitted by plaintiffs, that plaintiffs had failed to allege specific facts which would satisfy the legal standard of deliberate indifference under the standards set forth in Estelle v. Gamble, 429 U.S. 97 (1976), and other applicable authority.
 
 
 4
 On appeal, appellants contend that the district court erred because it 1) failed to address all of the arguments plaintiffs posited in response to the motion for summary judgment, 2) failed to hold a hearing, 3) denied plaintiffs' motion to appoint counsel, 4) denied plaintiffs' motion for injunctive relief, 5) failed to allow plaintiffs discovery before granting summary judgment, 6) granted summary judgment where state of mind was an issue, and 7) did not give consideration to plaintiffs' pro se status.[2]
 
 
 5
 After careful review of the records on appeal, and in light of the controlling legal precedent and the applicable standards, we conclude the district court correctly granted summary judgment in this case. The district court ruled that plaintiffs failed to allege specific facts which would satisfy the requirement of deliberate indifference and that plaintiffs had conceded facts which undercut their claim of an Eighth Amendment violation. We agree. Further, because plaintiffs' allegations of deliberate indifference were conclusory, they did not establish a genuine dispute of material fact on this dispositive issue, an issue for which they carry the burden of proof. See Wolf, 50 F.3d at 796. Accordingly, summary judgment was properly granted.
 
 
 6
 In light of this ruling, the district court did not abuse its discretion by denying plaintiffs' motions for appointment of counsel, injunctive relief, or discovery, or by failing to hold a hearing. The judgment of the United States District Court for the District of Wyoming is AFFIRMED. All outstanding motions are denied. The mandates shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 In a separate brief joined by appellant Thomas Hillman, appellant Michael Langlois also argues that he was denied the opportunity to respond to the court's order converting the motion to dismiss into one for summary judgment because he did not receive notice of the order. We construe this argument as a due process argument. Nonetheless, it does not prevail here, as Mr. Langlois fails to argue or demonstrate any prejudice. See Rapp v. United States Dep't of Treasury, 52 F.3d 1510, 1520 (10th Cir.1995)